UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ENERGY INTELLIGENCE GROUP,                         CIVIL ACTION
INC., ET AL

VERSUS                                              NO: 12-2107

CANAL BARGE COMPANY, INC.                           SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of Magistrate's Pretrial Order (Rec. Doc. 142) filed by Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group UK Limited. This motion is opposed by Defendant Canal Barge Company, Inc. The motion, set for hearing on December 4, 2013, is before the Court on the briefs without oral argument.[1] For the reasons that follow, Plaintiffs' motion is **DENIED**.

**I. BACKGROUND**

In this action, Plaintiffs seek an award of damages against Defendant for the alleged infringement of copyrights in Plaintiff's daily newsletter *Oil Daily*. Defendant has subscribed to *Oil Daily* for over twenty years, at a cost of approximately $2,000 per year. In 1999, Plaintiffs began distributing the newsletter in electronic format. Initially, Defendant would have an employee email the newsletter to other employees. In 2003, Defendant began having the electronic version of the newsletter delivered to a specified email account which various employees would access to view the newsletter. Plaintiffs brought this suit alleging that Defendant's methods of distributing the electronic newsletter to its employees since 1999

---

[1] Oral argument has been requested but the Court is persuaded that the parties' briefing is more than adequate in light of the issues presented.

infringed their copyrights in the publication.

On September 11, 2013, the magistrate judge held an oral hearing on Plaintiffs' Motion to Compel (Rec. Doc. 82), Plaintiffs' Supplemental Motion to Compel (Rec. Doc. 105), and Defendant's Motion to Compel (Rec. Doc. 107).  After taking the motions under advisement, the magistrate issued a ruling (Rec. Doc. 141) on October 28, 2013 denying Plaintiffs' Motion to Compel (Rec. Doc. 82) and Supplemental Motion to Compel (Rec. Doc. 105).  The magistrate judge stated that it appeared from Defendant's representations to the Court that Defendant had given Plaintiffs all of the data relevant to Plaintiffs' newsletter.  Further, the magistrate judge found that Plaintiffs' discovery requests were overly broad, unduly burdensome, potentially costly, and would lead to production of much irrelevant information.

In the instant motion, Plaintiffs seek reconsideration of the magistrate judge's ruling, arguing that he committed clear error when denying their motions to compel.  Plaintiffs move for the Court to modify or set aside the magistrate judge's order and order Defendant to produce (1) the OilDaily.NSF file and (2) mail files from Defendant's backup tapes.

**II. APPLICABLE LAW**

Per Federal Rule of Civil Procedure 72(a), if a party objects to a magistrate judge's decision, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.  "Under this standard, factual findings are reviewed for clear error, which is present when 'the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has

been committed.'"[2]  "Conclusions of law should be overturned when the magistrate 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"[3]  "For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion."[4]

Per Federal Rule of Civil Procedure 26(b)(1), the scope of discovery includes any matter, not privileged, which is relevant to the subject matter involved in the pending action.[5]  The information sought need not be admissible at trial if the information sought appears to be reasonably calculated to lead to the discovery of admissible evidence.[6]  With regard to specific limitations on electronically stored information, Federal Rule of Civil Procedure 26(b)(2)(B) states the following:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.[7]

---

[2] *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286, 2008 WL 4724390, at *2 (E.D. La. Oct. 24, 2008) (*quoting Bolding v. Commissioner of Internal Revenue*, 117 F.3d 270, 273 (5th Cir.1997)).

[3] *Id.* (*quoting Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y.2006)).

[4] *Id.*

[5] Fed.R.Civ.Proc. 26(b)(1).

[6] *Id.*

[7] Fed.R.Civ.Proc. 26(b)(2)(B).

## III. DISCUSSION

Plaintiffs challenge the magistrate judge's denial of their motion to compel with regard to production of the OilDaily.NSF file. Plaintiffs contend that having access to this file might allow them to extract the Unread Marks table which will reveal evidence of the employees of Defendant who accessed certain issues of *Oil Daily*.

Plaintiffs argue that this evidence is relevant in helping prove the elements of their copyright infringement claim. Further, Plaintiffs argue that the evidence is not cumulative because the detailed information they seek to extract has not been provided in any other documentation. Plaintiffs also argue that the file would not be unduly burdensome for Defendant to produce since Defendant has already pulled the file from its backup tapes and utilized to extract data on its own behalf.

Defendant has previously used the OilDaily.NSF file to extract User Activity reports from the OilDaily.NSF file. These User Activity reports, which were produced in discovery, identify by name the employees who accessed the Oil Daily database, the dates on which they accessed the database, and the number of issues accessed by the employees each day. Defendant argues that in light of this information already having been provided, the information Defendant now seeks is cumulative and duplicative. Defendant further submits that the unread marks were reset when Defendant upgraded its server in 2010.

The Court does not find that the information Plaintiffs seek is necessary to their claim. Rather, considering the relevant information already provided to Plaintiffs by Defendant, the Court finds this discovery request to be cumulative. The magistrate judge's denial of Plaintiffs' discovery request pertaining to the OilDaily.NSF file was not an abuse of discretion. The Court

4

finds that the magistrate judge's decision was neither clearly erroneous nor contrary to law.

Plaintiffs also challenge the magistrate judge's ruling denying their motion to compel Defendant to produce from its backup tapes the mail files of 29 different employees from the years of 1999 through 2006.  Plaintiffs believe that these files will contain additional instances of infringement.

Plaintiffs argue that production of the mail files would not be cumulative because Defendant has only produced logs and reports dating back to 2006.  Plaintiffs estimate that the cost for Defendants to produce these files would be $47,000.  Plaintiffs argue that production would not be unduly burdensome because the cost of producing this data from the backup tapes is justified by their importance to the case.

In light of the extensive discovery already conducted in this case and the cost of producing the mail files requested by Plaintiffs, the Court finds that this discovery request is unduly burdensome.  Consequently, the magistrate judge's ruling in denying Plaintiffs' motion to compel with regard to this discovery request was not an abuse of discretion.  The ruling was neither clearly erroneous nor contrary to law.

Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration of Magistrate's Pretrial Order (Rec. Doc. 142) is hereby **DENIED**.

New Orleans, Louisiana, January 16, 2014.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE